Filed 5/24/16  P. v. Miller CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C080434 |
| v. | (Super. Ct. No. CM042907) |
| JONATHAN MICHAEL MILLER, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Jonathan Michael Miller asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

I

In the early morning hours of May 10, 2015, law enforcement officers stopped a truck driven by defendant.  Defendant appeared nervous and did not have the truck's

1

registration or insurance information.  He admitted having a knife in his pocket as he exited the truck, and he consented to a search of his person.  The officers found a .38-caliber revolver loaded with five live rounds in a shoulder holster under defendant's left armpit.

An information charged defendant with possession of a firearm by a convicted felon (Pen. Code, § 29800, subd. (a)(1) -- count one),[1] possession of a firearm with a prior violent conviction (§ 29900, subd. (a)(1) -- count two), and possession of ammunition by a person prohibited from possessing a firearm (§ 30305, subd. (a)(1) -- count three).  It was further alleged that defendant had two prior serious or violent felony strikes within the meaning of section 667, subdivision (d), and section 1170.12, subdivision (b).

On May 28, 2015, defense counsel declared a doubt as to defendant's competency to stand trial.  The trial court suspended criminal proceedings pursuant to section 1368 and ordered an examination of defendant's mental competence.  On June 25, 2015, the trial court held a competency hearing, found defendant competent to stand trial, and reinstated criminal proceedings.

Defendant pleaded no contest to possession of a firearm by a convicted felon and admitted a prior strike, namely a 2001 conviction under section 288, subdivision (a).  The remaining charges were dismissed and the prosecutor agreed not to amend the information to allege two prior prison terms.  (§ 667.5.)

The trial court sentenced defendant to the upper term of three years, doubled to six years for the prior strike.  The trial court also imposed various fines and fees and awarded defendant 276 days of presentence credit.  Defendant did not obtain a certificate of probable cause.  (§ 1237.5.)

---

[1] Undesignated statutory references are to the Penal Code.

2

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


_____/S/_____

Mauro, J.



We concur:



_____/S/_____

Raye, P. J.



_____/S/_____

Hoch, J.

3